PEOPLE v FAUCETT

Docket No. 131566. Submitted December 3, 1991, at Lansing. Decided
April 6, 1992, at 10:10 A.M. Leave to appeal granted, 440 Mich –.

Merl J. Faucett was charged in the 88th District Court with
possession with intent to deliver a controlled substance. The
court suppressed the evidence and dismissed the information on
the basis that an anonymous tip that caused the police to stop
the defendant's vehicle to investigate whether he possessed
controlled substances did not provide the requisite reliability to
raise a reasonable suspicion of criminal activity so as to justify
the stop. The Alpena Circuit Court, Robert R. Ferguson, J.,
affirmed. The people appealed by leave granted.

The Court of Appeals *held:*

The anonymous tip did not contain the necessary range of
details concerning the defendant's present and future actions to
demonstrate that the informant had a special familiarity with
the defendant's affairs to the extent that it was reasonable for
the police to conclude that the informant would be correct
about the controlled substances allegedly carried in the defen-
dant's vehicle. The activities accurately predicted by the infor-
mant at the time of the stop, that the defendant would be
driving a blue pickup truck in a certain general direction, were
so lacking in significance and particular detail that their frui-
tion did not give rise to the requisite reasonable suspicion of
criminal activity under the Fourth Amendment to lawfully stop
the defendant's vehicle.

Affirmed.

SEARCHES AND SEIZURES — MOTOR VEHICLES — INVESTIGATORY STOPS
— INFORMANTS — REASONABLE SUSPICION OF CRIMINAL ACTIVITY.
An anonymous tip received by the police regarding a person's

REFERENCES

Am Jur 2d, Evidence, §§ 408 *et seq.;* Searches and Seizures §§ 16,
30, 33, 58, 96, 103.

Law enforcement officer's authority, under Federal Constitution's
Fourth Amendment, to stop and briefly detain, and to conduct
limited protective search of or "frisk," for investigative purposes,
person suspected of criminal activity—Supreme Court cases. 104
L Ed 2d 1046.

possession of a controlled substance in a vehicle may provide the requisite reasonable suspicion of criminal activity under the Fourth Amendment to justify an investigatory stop of the vehicle where the information is corroborated so as to demonstrate that the informant has a special familiarity with the person's affairs thereby making it reasonable for the police to conclude that the informant is likely to have access to reliable information about the person's illegal activities (US Const, Am IV).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Dennis P. Grenkowicz,* Prosecuting Attorney, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Robert Kane & Associates* (by *Robert B. Kane*), for the defendant on appeal.

Before: Griffin, P.J., and Hood and McDonald, JJ.

Griffin, P.J. The people appeal by leave granted a July 26, 1990, order of the Alpena Circuit Court. In this order, the circuit court affirmed a district court order suppressing evidence and dismissing an information charging defendant with possession with intent to deliver a controlled substance, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). We affirm.

I

This case requires that we apply the holding in *Alabama v White,* 496 US —; 110 S Ct 2412; 110 L Ed 2d 301 (1990), and decide whether an anonymous tip received by police was sufficiently corroborated to provide the "reasonable suspicion" necessary under the Fourth Amendment to lawfully

stop defendant's vehicle.[1] The record reflects that at approximately 6:30 P.M. on July 9, 1988, a dispatcher with the Alpena Police Department received an anonymous telephone call that a "newer model blue pickup, possibly a Datsun" was en route to town carrying a quarter pound of cocaine or marijuana. The caller stated that the vehicle was headed to town on Werth Road, that the driver would be Merl Faucett, and that the drugs would be in a carrying case in the back of the vehicle behind the seat. When asked if he knew the direction of travel from Werth Road, the caller stated that the vehicle would be "turning on to Hobbs Drive, and then possibly . . . turning on to either Third or Grant."

Acting on the tip, Officer Michael Roy of the Alpena Police Department began looking for the blue pickup. Within minutes, Officer Roy observed a blue Mazda pickup truck traveling on Hobbs Drive. Roy testified that he recognized the driver of the truck from a previous arrest and immediately began to follow him. A check of the license plate number confirmed that the pickup truck belonged to defendant, Merl Faucett.

Officer Roy stopped defendant's vehicle after it turned on to Grant Street. Roy explained to defendant that he was being detained in connection with a drug investigation. Roy then asked defendant to get out of the truck and searched him for weapons. About this time, Michigan State Police Trooper Roger Liedke arrived on the scene. Liedke had received the same information as Officer Roy. Trooper Liedke approached the vehicle and

---

[1] The question is solely one of federal constitutional law. The Michigan Constitution, Const 1963, art 1, § 11, expressly prohibits exclusion in this instance. *People v Toohey,* 438 Mich 265, 271; 475 NW2d 16 (1991), and *People v Collins,* 438 Mich 8, 25-31; 475 NW2d 684 (1991). Also see *People v Tejeda,* 181 Mich App 450, 461-463; 449 NW2d 908 (1989) (GRIFFIN, J., dissenting).

through the open window on the passenger side of the truck smelled a strong odor of fresh marijuana. Liedke then searched the truck and found a black attaché case containing eleven bags of marijuana.

## II

As noted, the dispositive issue in this appeal is whether Officer Roy had "reasonable suspicion" to stop defendant's vehicle. Applying the recent decision of the United States Supreme Court in *Alabama v White, supra,* the circuit court held that Roy did not have a reasonable suspicion to stop the truck, and affirmed the district court order suppressing the marijuana. We granted the prosecutor's application for leave to appeal and must now decide whether the circuit court's ruling was clearly erroneous. *People v Shaw,* 188 Mich App 520, 524; 470 NW2d 90 (1991).

In *Alabama v White, supra,* the United States Supreme Court addressed the propriety of an investigatory stop based on an anonymous tip the police had received over the telephone that the defendant would be leaving a certain address in a brown Plymouth station wagon with the right taillight lens broken. The police were further advised that the defendant would be driving to Dobey's Motel and that she would have in her possession about an ounce of cocaine inside a brown attaché case. Acting on the tip, the officers went to the address, where they observed the defendant leave the building and enter the station wagon. The police then followed the station wagon along the most direct route to Dobey's Motel, where the defendant was stopped just before reaching the motel. A subsequent consent search produced marijuana, and cocaine was later found inside the defendant's purse.

Concluding that the investigatory stop that ultimately produced the drugs was constitutionally permissible, the Supreme Court reasoned that the anonymous tip had been "sufficiently corroborated" by the defendant's subsequent actions to give rise to a reasonable suspicion of criminal activity. 496 US —; 110 L Ed 2d 309. In pertinent part, the Court explained:

The Court's opinion in [*Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983)] gave credit to the proposition that because an informant is shown to be right about some things, he is probably right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity. 462 US at 244; 103 S Ct 2317; 76 L Ed 2d 527. Thus, it is not unreasonable to conclude in this case that the independent corroboration by the police of significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller.

We think it also important that, as in *Gates,* "the anonymous [tip] contained a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted." *Gates,* 462 US at 246; 103 S Ct 2317; 76 L Ed 2d 527. The fact that the officers found a car precisely matching the caller's description in front of the 235 building is an example of the former. Anyone could have "predicted" that fact because it was a condition presumably existing at the time of the call. What was important was the caller's ability to predict respondent's *future behavior,* because it demonstrated inside information—a special familiarity with respondent's affairs. The general public would have had no way of knowing that respondent would shortly leave the building, get in the described car, and drive the most direct route to Dobey's Motel. Because only a small number of people are generally privy to an indi-

vidual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual's illegal activities. See *Gates, supra* at 245; 103 S Ct 2317; 76 L Ed 2d 527. When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop. [496 US —; 110 L Ed 2d 310.]

### III

At the time of the stop in this case, the informant was shown to have accurately predicted only two facts; (1) that the defendant was driving a blue pickup truck and (2) that defendant's vehicle was traveling toward town by way of Hobbs Drive and possibly Grant Street. Under *Alabama v White,* we must ask whether this corroboration sufficiently demonstrated that the informant had a "special familiarity with [defendant's] affairs" to the extent that it was reasonable for the police to conclude that the informant would also be correct about the drugs. We think not. In our view, the activities predicted by the informant were so lacking in significance and particular detail that their fruition did not give rise to a reasonable suspicion of criminal activity.[2] In this regard, we agree with the following observations of the circuit court:

[T]his court finds that the anonymous tip did not contain the necessary range of details concerning the defendant's present and future actions. Herein, the anonymous information was limited to a vehi-

---

[2] This case is factually distinguishable from *People v Armendarez,* 188 Mich App 61; 468 NW2d 893 (1991). Additionally, we note that *Armendarez* was decided without the benefit of *Alabama v White, supra.*

cle description and the general direction it was traveling. This limited information combined with the lack of corroboration on the part of the police including the fact that the make of truck differed from that contained within the anonymous tip, did not provide the reliability necessary to raise a reasonable suspicion.

Admittedly, this is a close case. However, we agree with the lower court that more than what appears on this record is required to establish reasonable suspicion on the basis of an anonymous tip.

Affirmed.